## EMERALD LOGGERS RADIO ASSOCIATION *v.* STATE TAX COMMISSION

Garland B. Hunter, Eugene, argued cause for plaintiff. Garland B. Hunter, Jr., Eugene, and Darling, Vonderheit, Hershner & Hunter, Eugene, filed a brief for plaintiff.

Alfred B. Thomas, Assistant Attorney General, Salem, argued the cause and submitted a brief for defendant.

Decision for defendant rendered January 25, 1965.

PETER M. GUNNAR, Judge.

This is a suit to set aside defendant's Opinion and Order No. VU-63-25, assessing plaintiff's property as a centrally assessed utility under ORS 308.515.

Plaintiff raises no issue as to the value which defendant placed upon plaintiff's property. Plaintiff claims no exemption from tax. Plaintiff's sole issue is whether plaintiff is (1) a centrally assessed facility within the definition of ORS 308.515 and assessable by defendant or (2) is not a centrally assessed facility and is assessable by the county assessor.

A nonprofit corporation, plaintiff operates a private radio communication system for its members. Almost all plaintiff's communications are by radio wave between plaintiff's office and members operating in the woods. Not more than one percent of the total communications are directly between members. These between-member communications are limited to emergencies such as fires or injuries. Plaintiff maintains a relay station located at a high point approximately ten miles southeast of its office in Lane County. No wires are used in this communication. Plaintiff's services are not available to the public, but only to applicants which plaintiff accepts for membership. Plaintiff has 34 members. Each member owns his own receiving and transmitting equipment. Communications are carried on in an open system, that is, they may be picked up by anyone using the same frequency. The cost of the service is defrayed by assessments upon its members, as determined by the members. Plaintiff's communications facilities have no electrical connection with a public telephone system and cannot be used in connection with such systems.

Defendant contends that plaintiff is in the telephone business or the telegraph business within the meaning of ORS 308.515. It relies primarily on *Commercial Communications v. Public Utilities Commission,* 50 Cal 2nd 512, 327 P2d 513 (1958). In that case, the California court held that a radio-telephone system is included within the concept of telephone communication when operated by a telephone company and tied into the telephone company's telephone lines. Though the court did not rule on private mobile communications, it did declare the common understanding as follows: "In common understanding the communications effected by private mobile systems would appear

to be telephone communication." (327 P2d at 519). The term "telephone communications" is the term used in ORS 308.515 in granting to the commission assessment responsibility of all companies engaged "in performing or maintaining any of the following businesses or services . . .: telephone communications, . . ."

There is no definition of telephone communications in the Oregon law. The California court's finding coincides with this court's understanding of the modern use of the word "telephone." Wireless communication is frequently used in telephone systems. Plaintiff's use of radio is often referred to as "radio telephone."

■ To include "radio telephone" in "telephone communications" does not "harmonize" the statutory language. See *Christianson v. Commission, supra, Jayne v. Commission*, 2 OTR 65 (1965). The courts have already established the plain meaning of the word "telephone" in its broad sense to be the transmission of intelligence, messages or sound to a far point. *Commercial Communications v. Public Utilities Commission, supra* at 518; *Doty v. American Telephone and Telegraph Co.*, 123 Tenn 329, 130 SW 1053 (1958); *Central Union Telephone Co. v. State*, 118 Ind. 194, 19 NE 604 (1888). The legislature is entitled to use the broad meaning of "telephone communications" to include the various types of services and mechanisms with which it is dealing. It does not have to specify each means of communication with technical exactness. Similar broad terms are used in ORS 308.515 to describe other centrally assessed facilities.

■ Plaintiff contends that the purpose of ORS 308.505 *et seq.* was to invest the commission with assessment responsibility for those public utilities which cross county lines. It cites *Union Pacific Railroad Co. v. State Tax Commission*, 232 Or 521, 376 P2d 80

(1962). Undoubtedly, this is the primary reason for central assessment. But the broad language of ORS 308.515 includes all telephone communication businesses. The peculiar problem of the assessment of telephone facalities warrants the inclusion of all of them in the commission's jurisdiction, as the legislature has done.

This court concludes that plaintiff is engaged in the telephone communications business within the plain meaning of ORS 308.515 and is subject to central assessment by defendant.

Under Rule 38, defendant shall prepare and submit a decree, affirming defendant's Opinion and Order VU-63-25 and allowing costs to neither party.